JAN 12 2026 PM 1:25
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIGEL LUCOMBE,**

Plaintiff,
v.

**JUSTIN & STEPHANIE JONES INC**

**D/B/A 4PT PUNCHLIST,**

Defendant.

_____/

Case No.
8:26-cv-78-TPB-CPT

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff, NIGEL LUCOMBE (**"Plaintiff"**), files this Complaint under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, and its regulations, against Defendants **JUSTIN & STEPHANIE JONES INC.**, and alleges based on personal knowledge and information and belief, placed illegal unauthorized telemarketing texts to him in violation of the (TCPA).

## NATURE OF THE ACTION

1. This is a putative action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). To promote its goods and services, Defendant engages in telephonic sales texts to consumers without having secured prior express written consent as required under the TCPA with no regards for consumers' rights. To promote its goods and services, Defendant engages in telemarketing texts to consumers that have registered their telephone numbers on the National Do Not Call Registry.

1



2. To promote its "exclusive leads" services, Defendant engages in unsolicited text messaging to consumers registered on the National Do-Not-Call Registry. Defendant **JUSTIN & STEPHANIE JONES INC.** is a company that transmits telephone calls and texts messages to telephone subscribers who specifically express their unwillingness to receive unsolicited calls & text messages through the national Do Not Call Registry maintained by the Federal Communications Commission (FCC).

3. Defendant's text message solicitations caused Plaintiffs harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

4. Through this action, Plaintiffs seek statutory damages, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

5. Plaintiff Lucombe is, and at all times relevant hereto a citizen and resident of Pasco County, Florida.

6. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Pasco County, Florida.

7. Plaintiff is, and at all times relevant hereto was, individual and "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular users of cellular telephone numbers (813)-XXX-7730 that received Defendant's telephonic sales calls.

8. Defendant is, and at all times relevant hereto was, a domestic corporation with a principal place of business in Suwanee, GA, and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiffs' FTSA claims pursuant to 28 U.S.C. § 1367.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendants directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendants to consumers in this District.

12. Defendant JUSTIN & STEPHANIE JONES INC. is, and at all times relevant hereto, a for-profit organization organized under the laws Florida and "person" as defined by 47 U.S.C. §153(39) and can be served at 2729 SR 580 E, Clearwater, FL 33761.

## FACTUAL ALLEGATIONS

13. Plaintiff's cellular phone number has been registered on the National Do Not Call Registry since November 12, 2019. Between February 6, 2024 thru January 15, 2026, Defendant harassed Plaintiff Lucombe with text messages as reflected by the following screenshots:



**5:10**

‹ •
2 = leave me alone
**+1 (727) 594-7788** ›

Fri, May 9 at 10:39 AM

May closings = May paydays 💰
Don't let repair delays slow you down.
Send us your 4PT or inspection report for a fast, licensed quote.

✓ 24hr turnaround
✓ Pay at closing
✓ Small jobs welcome

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/151e4ec29234478a4061869e9?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aTox-ODtzOjM6InNtcyI7aTox-ODt9czo0OiJzdGF0ljtzOjIyOi-I2ODFlMTEwMjQwYmFhMT-M4MTgyNDQ1IjtzOjQ6Imxly-WQiO2k6MTMxODc7fQ%3D%3D
1 = tell me more
2 = leave me alone

Fri, Jun 6 at 10:52 AM


...do
inspection report for a quick,

**5:10**

‹ •
1 = tell me more
2 = leave **+1 (727) 594-7788** ›

Tue, Sep 2 at 10:16 AM

🍂 Fall market is heating up.
Don't let repairs slow you down.
Send us your 4-Point or inspection report for a fast, licensed repair quote—so you can keep deals moving without the hassle.

✓ 24hr turnaround
✓ Pay at closing
✓ Small repairs welcome

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/871f83524da53f-b610a573645?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aTov-MjtzOjM6InNtcyI7aToyMjt9c-zo0OiJzdGF0ljtzOjIyOi-I2OGI2ZjIIZjMwYzE0ODJzOD-cxNzI4IjtzOjQ6ImxIYWQi-O2k6MTMxODc7fQ%3D%3D

1 = tell me more
2 = leave me alone

 Text Message • SMS
🙏 Give thanks for smoother

**5:10**

‹ •
1 = tell me more
2 = leave **+1 (727) 594-7788** ›

Fri, Jun 6 at 10:52 AM

☀ Summer deals move fast.
So do we. Send us your 4Pt or inspection report for a quick, licensed repair quote that keeps your closings on track.

✓ 24hr turnaround
✓ Pay at closing
✓ No job too small

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/31023810b5af041ab2404391-9?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aTox-OTtzOjM6InNtcyI7aToxOTt9c-zo0OiJzdGF0ljtzOjIyOi-I2ODQyZmY0NmVkMTBh-NDY1MDMwNjlzljtzOjQ6Imxl-YWQiO2k6MTMxODc7fQ%3D%3D
1 = tell me more
2 = leave me alone

Mon, Jul 21 at 11:03 AM


licensed repair quote that

**5:10**

‹ •
1 = tell me more
2 = leave **+1 (727) 594-7788** ›

Mon, Nov 17 at 11:30 AM

🍗 Give thanks for smoother closings.
We take inspection reports off your plate with fast, licensed repair quotes – helping you serve clients without the stress.

✓ 24hr turnaround
✓ Pay at closing
✓ Small repairs welcome

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/3e6eb5ef992f-baf66ab38a367?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aToyN-DtzOjM6InNtcyI7aToyNDt9c-zo0OiJzdGF0ljtzOjIyOi2OTFl-NGNlODg5MWEyMDA2MjzN-IjtzOjQ6ImxIYWQiO2k6MT-MxODc7fQ%3D%3D

1 = tell me more
2 = leave me alone

Text Message • SMS
🎆 Close the year strong.
Send us your 4-Point or

**5:10**

‹ •
1 = tell me more
2 = leave **+1 (727) 594-7788** ›

Mon, Jul 21 at 11:03 AM

☀ Summer deals move fast.
So do we. Send us your 4Pt or inspection report for a quick, licensed repair quote that keeps your closings on track.

✓ 24hr turnaround
✓ Pay at closing
✓ No job too small

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/31023810b5af041ab2404391-9?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aTox-OTtzOjM6InNtcyI7aToxOTt9c-zo0OiJzdGF0ljtzOjIyOi2ODdi-NTU4NDg4MTMw-ODU4MjgwNTY3ljtzOjQ6Imxl-YWQiO2k6MTMxODc7fQ%3D%3D
1 = tell me more
2 = leave me alone

Tue, Sep 2 at 10:16 AM


Send us your 4-Point or

**5:11**

‹ •
me more
2 = leave me alone
**+1 (727) 594-7788** ›

Tue, Dec 9 at 11:30 AM

❄ Close the year strong.
Send us your 4-Point or inspection report for a fast, licensed repair quote—so deals get wrapped up without delays.

✓ 24hr turnaround
✓ Pay at closing
✓ Small repairs welcome

— Justin & Alex
🔗 https://crm.4ptpunchlistflorida.com/r/69d64ad90affcc-c498bf7a979?ct=YTozOntzOjc6ImNoYW5u-ZWwiO2E6Mzp7aTow-O3M6Mzoic21zIjtpOjE7aToy-NTtzOjM6InNtcyI7aToyNTt9c-zo0OiJzdGF0ljtzOjIyOjT-M4NGM2MjgwZWQzOTM8O-TYvNzk0IjtzOjQ6ImxIYWQi-O2k6MTMxODc7fQ%3D%3D

1 = tell me more
2 = leave me alone

If you did not expect this message from an unknown sender, it may be spam.

Text Message • SMS

14. Upon information and belief, JUSTIN & STEPHANIE JONES INC. have no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

15. Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do- Not Call provision in 47 C.F.R. § 64.1200(c).

16. Upon information and belief, JUSTIN & STEPHANIE JONES INC. knew its texting practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

17. JUSTIN & STEPHANIE JONES INC, through its agents, representatives, vendors, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47U.S.C. §227(b)(1)(A)(iii).

18. Between February 6, 2024 thru January 15, 2025, Defendant harassed Plaintiff with several text messages promoting Repair services.

19. Defendant's telephonic communications forced Plaintiffs to be deprived of the privacy and utility of their cell phone by forcing Plaintiffs to ignore or reject Defendant's disruptive calls, voice messages, dismiss alerts, and/or silence their cell phones as a result of Defendant's incessant unsolicited telephone calls.

20. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant placed the calls to Plaintiffs without their consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiffs' privacy and violated the spirit and intent behind the TCPA.

21. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer services and to draw attention to Defendant's services and goods.

22. Moreover, the text messages have a commercial nexus to Defendant's business activities and services it offers.

23. Defendant generates profits when recipients of its text messages make an appointment and visit Defendant's website for Repair services. In other words, Defendant profits when the recipients of its unsolicited text messages, like Plaintiffs are persuaded to visit Defendant's website and pay Defendant for Repair services.

24. Plaintiffs are the regular users of the telephone numbers that received the above text message solicitations.

25. Plaintiffs utilize their cellular telephone numbers for personal purposes and the numbers are Plaintiffs' residential telephone lines. In other words, Plaintiffs' cellular telephones are Plaintiffs' home telephone numbers and Plaintiffs make and receive personal home calls on their cellular telephones. Moreover, Plaintiffs' cellular telephones are the primary means of reaching Plaintiffs at their residence.

26. Plaintiffs were in Florida when they received the above text messages, and Defendant's violative conduct occurred in substantial part in Florida.

27. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

28. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff.

## DAMAGES

29. JUSTIN & STEPHANIE JONES INC's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

30. Plaintiff has expended time consulting with his attorneys as a result of JUSTIN & STEPHANIE JONES INC's unconscionable conduct.

31. JUSTIN & STEPHANIE JONES INC's phone harassment campaign and illegal activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and Occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, and aggravation that accompanies unsolicited text, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT 1
### Violation of the TCPA, 47 U.S.C. § 227(b)

32. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone

service." 47 U.S.C. § 227(b)(1)(A)(iii).

34. It is also a violation of the TCPA's implementing regulations adopted by the FCC to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 C.F.R. § 64.1200(a)(1)(iii).

35. Additionally, it is a violation of the TCPA's implementing regulations to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2).

36. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—placed telephone calls to the cellular telephone numbers of Plaintiff using an automatic telephone dialing system.

37. The following facts strongly suggest that Defendant used an automatic telephone dialing system to place the calls at issue to Plaintiff: (1) Plaintiff never provided Defendant with his telephone phone number; (2) Plaintiff has no established business relationship with Defendant; and (3) the generic and impersonal nature of Defendant's voicemails were ostensibly designed for en masse transmission.

38. Defendant did not have prior express written consent to place telephone calls to

9

Plaintiff using an automatic telephone dialing system.

39. Defendant, therefore, violated Section 227(b)(1)(A)(iii) and the TCPA's implementing regulations in Sections 64.1200(a)(1)(iii) and (a)(2).

40. Defendant did not have prior express written consent to place telephone calls to Plaintiff.

41. As a result of Defendant's violations of the TCPA, Plaintiff was harmed.

42. Plaintiff is entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

43. Plaintiff is also entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

44. Because Defendant knew or should have known that it was using an automatic telephone dialing system to place calls without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

45. Under the TCPA, Plaintiff is entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on

behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. 47 C.F.R. § 64.1200(d)(3) (emphasis supplied). 47. Pursuant to 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. §64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

46. Upon information and belief, Defendant has placed additional violative text messages to Plaintiff telephone number not listed in this complaint.

47. The text messages were not related to Plaintiff's health as reflected by the fact that Plaintiffs repeatedly asked for the messages to stop. See Farhat v. Unique Healthcare Sys., No. 8:21- cv-1319-SDM-JSS, 2022 U.S. Dist. LEXIS 4800, at *2 (M.D. Fla. Jan. 11, 2022) (refusing to apply emergency exception because permitting a defendant to "ceaselessly text a cellular telephone subscriber who has instructed the defendant to stop would insulate from liability a defendant who engages in the exact conduct — the transmission of unwanted text messages and calls — that the TCPA endeavors to eliminate.").

48. Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above text messages. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages.

49. Defendant continued to text message Plaintiffs to harass him into visiting one Defendant's Repair websites so that Defendant could sell its services to Plaintiff.

50. Plaintiff is a residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures as demonstrated by its repeated failure to honor opt-out requests.

51. Accordingly, Defendant violated the requirements of section 64.1200(d).

52. Pursuant to section 227(c)(5) of the TCPA, Plaintiffs is entitled to an award of $500.00 in statutory damages for each text message sent by Defendant.

53. Plaintiffs request for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

### COUNT II

### Violations of 47 U.S.C. § 227(c) and 64.1200(c)

54. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. §227(c).

58. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff who registered his telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

59. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

60. As a result of Defendant's conduct as alleged herein, Plaintiff and the suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. An award of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B) and Fla. Stat. § 559.77;

b. An award of statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(C);

c. Additional statutory damages of $500 per violative telephone call as provided under 47 U.S.C. 227 ( C);

d. Treble damages of $1,500 per violative telephone call as provided under 227(c):

e. An award of actual damages pursuant to Stat. § 509.059

f. An award of statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each willful or knowing violation pursuant to Fla. Stat. § 509.059.

g. An award of statutory damages of $1500 for telephone call in statutory damages arising from the TCPA 227 (c ) intentional violations jointly and severally against Defendants text messages and telephone calls.

h.  Injunctive relief prohibiting Defendant from further violations of the TCPA and ceased and desisted their practice of masking their identities and "spoofing" their phone numbers

An award of reasonable attorney's fees and costs; and any other relief this Court deems just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 12, 2026



Respectfully submitted,

*[signature]*

Nigel Lucombe, Pro Se
P.O. Box 2589
Lutz, FL 33548
Nlucombe@Gmail.com
Tel: 813-900-7705